Dear Representative Smith:
This opinion is in response to your question asking:
 "A. What are the respective salaries of the following judges in second class counties with a population of less than 30,000 on January 1, 1979?
1. Probate and ex-officio Magistrate;
2. Additional Magistrate.
 "B. What are the respective salaries of the following judges in second class counties with a population of less than 30,000 on January 2, 1979?
 1. Associate Circuit Judges of Probate Divisions and Ex-Officio Associate Circuit Judges who were on January 1, 1979, Probate and Ex-Officio Magistrates;
 2. Associate Circuit Judges who were on January 1, 1979, Additional Magistrates."
Section 482.150, as amended by House Bill No. 521, 1st Regular Session, 79th General Assembly, provides:
 "The salaries of all magistrates shall be paid by the state, except that the state shall not pay the salaries of additional magistrates whose offices are created by order of the circuit court as provided for in article V, section 18 of the constitution; but the districts assigned to the additional magistrates shall be designated as `additional magistrate districts' and the salaries of such magistrates shall be paid by the county. The annual salaries of magistrates payable in equal monthly installments shall be as follows:
 "(1) In all counties having a population of less than thirty thousand inhabitants, the probate judge shall serve as ex officio magistrate and shall receive the compensation provided by law for such probate judges. No additional compensation shall be paid for his service as ex officio magistrate;
 "(2) In all counties having a population of more than thirty thousand but less than sixty-five thousand, except in any county of the second class, the sum of twenty-seven thousand nine hundred dollars;
 "(3) In all counties of the second class and in all counties having a population of more than sixty-five thousand but less than four hundred thousand inhabitants, except in any county of the first class, the sum of thirty-two thousand nine hundred dollars;
 "(4) In all counties of the first class, and in all cities of more than six hundred thousand, the sum of thirty-three thousand dollars."
House Bill No. 521 amended Section 482.150, RSMo Supp. 1976, essentially leaving the first unnumbered paragraph thereof the same and reenacting subsection (1) with no change. Subsection (2) was amended to put in the exception with respect to counties of the second class and to raise the compensation, with respect to subsection (2) classes, to twenty-seven thousand nine hundred dollars. Subsection (3) was amended to include the reference to second class counties and to raise the compensation therein to thirty-two thousand nine hundred dollars. Subsection (4) thereof was amended solely to raise compensation in such counties to thirty-three thousand dollars. The salaries provided for in such Section482.150 became effective January 1, 1978.
The same House Bill No. 521 also amended Section 481.205, RSMo Supp. 1976, and provided that the salary amendments to such section would become effective January 1, 1978. The amendments made to Section 481.205 by House Bill No. 521 related primarily to increases in the compensation of such judges of the probate court and did not include the present reference to counties of the second class. Senate Bill No. 489, 1st Regular Session, 79th General Assembly, repealed Section 481.205 of House Bill No. 521 of the 79th General Assembly, retaining the salary increases of House Bill No. 521, but omitting the reference in Section 1 of Section 481.205 of House Bill 521, relating to counties with a court of common pleas or counties where the probate court has two offices. The first reference to second class counties was inserted by Senate Bill No. 950, 2nd Regular Session, 79th General Assembly, which repealed Senate Bill No. 489. Senate Bill No. 950, effective August 13, 1978, amended Section 481.205, adding the exception in subsection (2) relating to the counties of the second class and, adding also the salary classification relative to counties of the second class having a population of less than sixty-five thousand which is now found in renumbered paragraph 3. Previous paragraph 3 was reenacted in the same form and renumbered in paragraph 4 of Senate Bill No. 950. Therefore, as amended by Senate Bill No. 950, Section 481.205 now provides:
 "Each probate judge shall receive for his services an annual compensation payable in equal monthly installments as follows:
 "(1) In counties having a population of thirty thousand or less, the sum of twenty-seven thousand dollars. Probate judges in such counties shall serve as ex officio magistrates, but shall receive no additional compensation for such service. The salary of such probate ex officio magistrates shall be paid out of the state treasury;
 "(2) In counties having a population of more than thirty thousand but less than sixty-five thousand, except in any county of the second class, the sum of twenty-seven thousand eight hundred dollars;
 "(3) In counties of the second class having a population of less than sixty-five thousand, the sum of thirty-two thousand eight hundred dollars;
 "(4) In counties having a population of sixty-five thousand or more and in the city of St. Louis, a sum equal to the salary of a judge of the circuit court in that county or city."
It is our understanding that certain counties having a population of less than thirty thousand became second class counties on January 1, 1979. See Russell v. Callaway County, 575 S.W.2d 193
(Mo. Banc 1978), in which the Supreme Court of Missouri concluded that Callaway County was entitled to become a second class county, that the provisions of Section 48.020.2, RSMo, as amended, authorizing an election to decide classification are not constitutional and that such election was not effective to delay automatic qualification as a second class county.
At the outset, we note that Section 482.150, with respect to the classifications for the compensation of magistrates, contains no provision respecting the salary classification of additional magistrates in counties of less than 30,000 inhabitants. Such classification, i.e., subsection 1 of Section 482.150, refers only to probate ex officio magistrates. It seems, however, that the legislature was required by the provisions of repealed Section18 of Article V of the Missouri Constitution to provide for the payment of additional magistrate positions properly created in any
county. This is because the provisions of such section have been held to be self-enforcing. State ex rel. Randolph County v. Walden,206 S.W.2d 979 (Mo. Banc 1947). Although the legislature has failed to make provisions for such pay classification, a construction which would provide no pay for such an office would be absurd. State exrel. Hall v. Bauman, 466 S.W.2d 177 (K.C.Ct.App. 1971). Such additional magistrates are now, under the new constitutional provisions and under the statutes (see Section 478.320 quoted below), associate judges. Therefore, it is our view that such additional magistrates in counties of under 30,000 population (which are not second class counties) should receive the same compensation as that provided for probate ex officio magistrates in such counties under subsection 1 of Sections 481.205 and 482.150, twenty-seven thousand dollars.
The question arises with respect to the determination of the respective salaries of the judges you describe because both Sections 481.205 and 482.150, as amended, contain new matter providing expressly for compensation for judges in second class counties. This new category which was introduced, as we noted, conflicts with the category which was carried over in such amendments relating to counties having a population of thirty thousand or less. It is our view that since the new matter in both instances conflicts with the old matter which was reenacted, the new category relating to such judges in second class counties should be given effect.
One rule of statutory construction is that the last expression of the legislature should normally prevail in the absence of reason to the contrary. This rule is generally expressed with respect to different statutes. State on Inf. of Taylor v. American Ins. Co.,200 S.W.2d 1 (Mo. Banc 1946). However, we believe that it is applicable here because of the fact that the provisions with respect to the specified second class counties are of later enactment than those respecting counties having a population of less than thirty thousand the latter being last amended only with respect to the compensation authorized for that category but not with respect to the category itself.
This means then that although such judges would have come within the less than thirty thousand population category prior to such amendments the only proper way to give effect to the intent of the legislature in making such amendments relating to second class counties is to classify such judges according to their status as judges in counties of the second class, as provided, and not according to their classification as judges in counties having a population of thirty thousand or less.
As so interpreted on January 1, 1979, such probate ex officio magistrate judges in second class counties with a population of less than thirty thousand would be entitled to the compensation provided for by law for such probate judges under subsection (3) of Section 481.205. Under that subsection probate judges in such second class counties are entitled to the sum of thirty-two thousand eight hundred dollars.
In addition, additional magistrates in office on January 1, 1979, in counties of the second class with a population of less than thirty thousand, were entitled to the compensation set forth in subsection (3) of Section 482.150 for such additional magistrates in counties of the second class in the amount of thirty-two thousand nine hundred dollars.
House Bill No. 1634 which was the court revision bill enacted by the Second Regular Session of the 79th General Assembly became effective, except as otherwise expressly provided therein, January 2, 1979. Section 482.155, as enacted by House Bill No. 1634, provides:
 "The term `magistrate' as used in section 482.150 shall mean associate circuit judge, except such terms shall not include associate circuit judges who serve as the judge of the probate division of the circuit court. Notwithstanding the provisions of section 482.150, the salaries of all associate circuit judges shall be paid by the state."
Clearly Section 482.155 provides that the salaries of such associate circuit judges who were formerly additional magistrates are now to be paid by the state as of January 2, 1979, notwithstanding the contrary provisions of Section 482.150 which provides that additional magistrates shall be paid by the county. We note also that Section 478.320 of House Bill No. 1634 provides in pertinent part:
 "1. In counties having a population of thirty thousand or less there shall be one associate circuit judge. . . .
 "2. In addition to the associate circuit judges authorized by subsection 1 of this section, one additional associate circuit judge is authorized for each magistrate which was provided in the county pursuant to the provisions of subsection 3 of section 482.010, RSMo, in effect on January 1, 1979. Additional associate circuit judges may be authorized in particular counties by law hereafter enacted."
It is therefore our view that under House Bill No. 1634 such judges who were additional magistrates in second class counties having a population of less than 30,000 are now associate circuit judges and from January 2, 1979, are entitled to the compensation authorized for magistrates under subsection (3) of Section 482.150, thirty-two thousand nine hundred dollars.
The probate judge ex officio magistrate who became an associate circuit judge on January 2, 1979, in the classification you describe, in our view, should be paid as a judge of a second class county having a population of less than sixty-five thousand, in the sum of thirty-two thousand eight hundred dollars pursuant to subsection (3) of Section 481.205.
CONCLUSION
It is the opinion of this office that probate ex officio magistrate judges in counties of the second class with populations of less than thirty thousand were, on January 1, 1979, entitled to the compensation provided by law for such probate judges under the provision of subsection (3) of Section 481.205, as amended by S.B. No. 950, 79th General Assembly, 2nd Regular Session, relative to second class counties having a population of less than sixty-five thousand in the sum of thirty-two thousand eight hundred dollars; and that additional magistrates in such counties were entitled to payment pursuant to subsection (3) of Section 482.150, as amended by House Bill No. 521, 79th General Assembly, 1st Regular Session, in the sum of thirty-two thousand nine hundred dollars. On and after January 2, 1979, such probate ex officio magistrate judges and additional magistrate judges became associate circuit judges entitled to the same compensation provided when they were probate ex officio magistrate judges and additional magistrate judges prior to January 2, 1979. That is, the salary of probate ex officio magistrate judges in second class counties of less than thirty thousand population who became associate circuit judges January 2, 1979, is thirty-two thousand eight hundred dollars. The salary of additional magistrate judges who became associate circuit judges in such counties January 2, 1979, is thirty-two thousand nine hundred dollars.
The foregoing opinion which I hereby approve, was prepared by my assistant, John C. Klaffenbach.
Very truly yours,
 JOHN ASHCROFT Attorney General